UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━

UNITED STATES OF AMERICA,

                                                    PRETRIAL ORDER
                    v.                              15-CR-25-V

ALEXANDER DUARTE,

                    Defendant.

━━━━━━━━━━━━━━━━━━━━━━━━━━


          Jury selection for the trial of this matter is scheduled for Tuesday, January

26, 2016, at 9:30 a.m.  A Final Pretrial Conference is scheduled for Tuesday, January

12, 2016, at 2:00 p.m., and a Final Status Conference is scheduled for Thursday,

January 21, 2016, at 2:00 p.m.  **Please note that counsel responsible for trying the**

**case and any paralegal who will be present in the courtroom during the trial must**

**attend the Final Pretrial Conference and the Final Status Conference**.  Counsel for

the government and the defendant are to electronically file the required submissions

listed below on or before the deadlines listed below.  Each submission should be filed

under separate cover.  One complete hard copy of the required submissions should be

brought directly to the Court's chambers on or before the deadlines listed below unless

otherwise provided in this Order.


          1.   JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

          The Court directs the government to file and provide to defense counsel

and the Court proposed jury instructions addressing the specific offenses charged and

any issues particular to the case on or before December 22, 2015.  **The government**

**also shall provide an electronic copy of the proposed jury instructions in**

**Microsoft Word (via e-mail to <u>vilardo@nywd.uscourts.gov</u>) by the same date.**

Each proposed instruction must be on a separate sheet of paper, must be in standard

form, and must contain citations to the authority for the instruction.  Each proposed

instruction should, when appropriate, be taken from L. Sand, et al., <u>Modern Federal Jury</u>

<u>Instructions</u>, or supported by strong legal authority.  The proposed instructions should

be presented in a logical sequence, and the submission should include an index to the

instructions.

The government also shall file its proposed general or special verdict form

(if applicable) on or before December 22, 2015.

If, after reviewing the proposed jury instructions submitted by the

government, the defendant wishes to submit alternative instructions or an alternative

instruction on a particular issue or issues, those proposed instructions shall be filed and

submitted to the government and the Court by December 29, 2015.  The defendant's

submission should be in the form and with the support and index noted above.  **The**

**defendant also shall provide an electronic copy of any proposed alternative jury**

**instructions in Microsoft Word (via e-mail to <u>vilardo@nywd.uscourts.gov</u>) by the**

**same date.**

The defendant also shall file any alternative general or special verdict form on or

before December 29, 2015.

The parties are reminded that these submissions are intended to assist the Court in formulating the final instructions to the jury.  The Court will conduct a jury instruction conference with counsel and inform counsel of the Court's intended jury instructions, and the intended general or special verdict sheet, prior to closing arguments.  Counsel may then object to the intended instructions or request additional or alternative instructions.

2.   PRETRIAL MEMORANDA AND MOTIONS *IN LIMINE*

On or before December 22, 2015, the government shall submit a trial memorandum outlining the facts expected to be proven at trial and addressing any legal issues, including any evidentiary issues, that are expected to arise at trial.  Because in all cases there are facts that are not or should not be in dispute, the government's trial memorandum shall include proposed stipulations setting forth those facts that the government deems uncontroverted.  Any motions *in limine* by the government also shall be filed no later than December 22, 2015.

On or before December 29, 2015, the defendant may submit a trial memorandum supplementing or contesting the facts outlined by the government, addressing any additional legal or evidentiary issues expected to arise at trial, and responding to the government's trial memorandum.  In any such trial memorandum, the defendant shall indicate which, if any, of the government's proposed stipulations of fact are controverted.  Based on the proposed stipulations and responses, the parties and the Court will attempt at the Final Pretrial Conference to prepare a list of uncontroverted

facts to which the parties will stipulate.  On or before December 29, 2015, the defendant shall respond to any motions *in limine* made by the government and bring any motions *in limine* on behalf of the defense.

On or before January 5, 2016, the government shall respond to any motions *in limine* brought by the defendant.  If necessary, oral argument will be scheduled by the Court.

3.  <u>EXHIBITS</u>

On or before December 22, 2015, the government shall submit a list of exhibits that it anticipates using at trial.  The exhibits should be pre-marked by number, and any sub-exhibits should be pre-marked alphabetically.  The government shall use the Court's form, a copy of which is attached, in preparing the exhibit list.  Failure to list an exhibit may result in preclusion of that exhibit at trial.  Common exhibits should be included on the government's exhibit list.  One copy of each documentary exhibit shall be tabbed for reference and bound in a three-ring binder or in a similar fashion and provided to the Court at the Final Pretrial Conference.  A second complete set of documentary exhibits shall be provided to the Court in electronic format, e.g., CD or flash drive.

On or before December 29, 2015, the defendant shall submit a list of exhibits, if any, that it anticipates using at trial. The exhibits should be pre-marked by number, and any sub-exhibits should be pre-marked alphabetically.  The defendant

4

shall use the Court's form, a copy of which is attached, in preparing the exhibit list.

Failure to list an exhibit may result in preclusion of that exhibit at trial.  Common exhibits

should be included only on the government's exhibit list unless otherwise ordered by the

Court.  One copy of each documentary exhibit shall be tabbed for reference and bound

in a three-ring binder or in a similar fashion and provided to the Court at the Final

Pretrial Conference.  A second complete set of documentary exhibits shall be provided

to the Court in electronic format, e.g., CD or flash drive.


When the exhibit lists are filed, counsel shall identify those exhibits

about which admissibility is expected not to be contested and those exhibits that

counsel will stipulate into evidence.  Counsel also shall specify those exhibits to which

they will object solely on the ground of relevance.  **Notwithstanding any agreements

reached by counsel, however, all exhibits (including joint exhibits) must be

formally moved into evidence at the appropriate time during trial.**  Counsel should

be prepared to discuss stipulating exhibits into evidence at the Final Pretrial

Conference.


4.  JENCKS ACT ("3500") MATERIAL

Consistent with the practice in this district, if the government has not yet

done so, the government attorney prosecuting the case should disclose Jencks

Act/3500 material by January 12, 2016.  The government shall prepare a separate

Jencks Act/3500 exhibit list using the Court's form, a copy of which is attached.  One

copy of each Jencks Act/3500 exhibit shall be tabbed for reference and bound in a

three-ring binder or in a similar fashion and provided to the Court at the Final Pretrial Conference.

   5.   <u>VOIR DIRE</u>

   On or before January 12, 2016, each party may submit proposed voir dire questions relating to any relevant questions of law or fact.  Counsel should be prepared to discuss the proposed voir dire at the Final Pretrial Conference.  The Court will conduct the voir dire.

   6.   <u>EVIDENCE PURSUANT TO FED. R. EVIDENCE 404(b)</u>

   On or before December 22, 2015, the government shall provide to the defendant and to the Court any evidence of the defendant's uncharged misconduct, including a description of any expected testimony, that it intends to introduce at trial pursuant to Federal Rule of Evidence 404(b).

   7.   <u>WITNESS LIST</u>

   On or before December 22, 2015, the government shall submit a list of names and addresses (identifying only the city, town, or village, and the state) of all prospective witnesses and a brief summary of their anticipated testimony, **including anticipated date and length of testimony (in hours and minutes).**  The list should include expected rebuttal witnesses, but their anticipated testimony need not be summarized.  Failure to meet these requirements with respect to any witness may result in preclusion of testimony by that witness.

On or before December 29, 2015, the defendant shall submit a list of names and addresses (identifying only the city, town, or village, and the state) of all prospective witnesses, if any, and a brief summary of their anticipated testimony, **including anticipated date and length of testimony (in hours and minutes).**  Failure to meet these requirements with respect to any witness may result in preclusion of testimony by that witness.

Counsel should have witnesses ready to testify so that there are no gaps in testimony during the trial.  With the parties' consent, the Court will take witnesses out of turn to accommodate witnesses.

8.  <u>EXPERT TESTIMONY</u>

On or before December 22, 2015, the government shall provide the Court and the defendant with the identity, address (identifying only the city, town, or village, and the state), and a brief summary of the qualifications and expected testimony of any expert witness, **including anticipated date and length of testimony (in hours and minutes)**.  The defendant shall provide such information on or before December 29, 2015.  The Court encourages counsel to stipulate to the qualifications of each expert witness prior to the Final Pretrial Conference.  Failure to include an expert witness on the expert witness list may result in preclusion of testimony by that witness.

9.  SUMMARY OF CHARGES

The parties shall jointly submit a short and concise statement of the case for the Court to use with the jury and be prepared to discuss the status of that joint statement at the Final Pretrial Conference.

10. COURT PROCEDURE

During the evening recess each day, each side will be responsible for maintaining custody of its exhibits and returning them to Court the next day (unless other arrangements are made with the Court).

Counsel are encouraged to discuss the scheduling of witnesses with each other as early as possible.  In any event, at least by the evening before each day's session, counsel must advise the opponent and the Court of those witnesses expected to be called the following day.

The Court will set time limits for opening statements and closing arguments and expects counsel to adhere to those limits.

Additional Court procedures concerning the commencement of proceedings, recesses, objections, courtroom equipment, etc., will be discussed at the Final Pretrial Conference.

IT IS SO ORDERED.

_**s/ Lawrence J. Vilardo**_
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

Dated:  December 7, 2015

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**EXHIBIT LIST**

Case No. : _____                              ____ Government
Date:        _____                              ____ Defendant

| Ex. No. | DESCRIPTION | DATE | |
|---------|-------------|------|------|
| | | Marked for Identification | In Evidence |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |